IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

YONG CHEN,

    *Petitioner*,

v.                                            1:26-cv-00125-DHU-JFR

WARDEN, TORRANCE COUNTY
DETENTION CENTER; JOEL GARCIA;
KRISTI NOEM; PAMELA BONDI;
EXECUTIVE OFFICE FOR IMMIGRATION
REVIEW,

    *Respondents*.

## ORDER GRANTING HABEAS PETITION

This matter comes before the Court on Petitioner Yong Chen's Petition for Writ of Habeas Corpus ("Petition"). Doc. 3. Petitioner is currently in immigration detention and alleges that he was unlawfully denied an opportunity for release on bond, in violation of the Immigration and Nationality Act ("INA"), its implementing regulations, and his due process rights. *Id.* at ¶¶ 5-7, 54-67. The Petition asks the Court to declare Petitioner's detention unlawful and to grant a writ of habeas corpus ordering Respondents to immediately release Petitioner, or, in the alternative, to order a prompt and individualized bond hearing at which the Government bears the burden of justifying continued detention. *Id.* at 21-22.[1] Having considered the parties' briefs and the relevant and applicable law, the Court finds that the Petition should be **GRANTED IN PART**.

---

[1] Page citations are to the pages in the electronic court filing docket number and do not necessarily correspond with the page number of the motion itself.

# I.
# BACKGROUND

Petitioner Yong Chen is a citizen of China who has resided in the United States since July of 2023. Doc. 1 at ¶¶ 17, 45. On December 11, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents while reporting for a scheduled check-in in Oklahoma City. *Id.* at ¶ 45. He was then placed in removal proceedings and charged with being inadmissible under the INA, as someone who entered the United States without inspection. *Id.* at ¶¶ 47, 49 (citing Exhibit B to the Petition). On January 20, 2026, Petitioner sought a bond hearing, but the Immigration Judge ("IJ") denied the request, claiming he lacked jurisdiction to consider bond. *Id.* at ¶ 51 (citing Exhibit D). Petitioner is currently detained at Torrance County Detention Center in Estancia, New Mexico. *Id.* at ¶ 50 (citing Exhibit A).

On January 23, 2026, Petitioner filed a Petition for Writ of Habeas Corpus. In the Petition, Mr. Chen contends that he should be subject to ICE's general detention authority under 8 U.S.C. § 1226(a) and entitled to a bond hearing. *Id.* at ¶¶ 5, 55-56. Instead, according to Petitioner, under a new ICE policy and recent Board of Immigration Appeals ("BIA") decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), Petitioner was classified as an "applicant for admission" subject to mandatory detention 8 U.S.C. § 1225. *Id.* at ¶¶ 3-5. Petitioner argues that he is not an applicant for admission "seeking admission" or "an arriving alien" subject to mandatory detention under § 1225(b). *Id.* at ¶ 55. Accordingly, Petitioner alleges he is entitled to a bond hearing under § 1226(a), and that the Government's denial of such a hearing deprives him of his rights without due process of law. *Id.* at ¶ 65. The Petition asks this Court to:

(1) Assume jurisdiction over this matter;

(2) Order that Petitioner shall not be transferred[2] during the pendency of his Petition;

(3) Issue an Order to Show Cause ordering Respondents to show cause why the Petition should not be granted;

(4) Declare that Petitioner's detention is unlawful;

(5) Order Petitioner's immediate release from custody; or, in the alternative, grant any other relief this Court deems appropriate;

(6) In the alternative, order a prompt and individualized bond hearing at which the Government bears the burden of justifying continued detention by clear and convincing evidence, and must demonstrate that Petitioner poses a risk of flight or a danger to the community;

(7) Order that, upon release, Respondents shall not impose any electronic monitoring, location-tracking device, GPS ankle bracelet, or any other form of surveillance-based conditions on Petitioner; and

(8) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, and on any other basis justified under law.

*Id.* at 21-22.

On January 28, 2026, Magistrate Judge Robbenhaar issued an Order directing the Clerk of Court to serve the Petition on Respondents and requiring the Respondents to show cause within five days of receipt of service. Doc. 5. That same day, a Standing Order was issued in the District of New Mexico, setting standardized procedures for service of immigration habeas petitions in the

---

[2] The Petition specifically refers to transfer outside of New York. This Petition was originally filed in the District of New Mexico, so the Court assumes the reference to New York was in error.

District. *See In the Matter of: Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, 26-MC-0004-03 at 1. Pursuant to that Standing Order, Respondents were served with the Petition via the CM/ECF system on January 29, 2026. *See* Doc. 6.

On February 12, 2026, Respondents submitted their Response.[3] *See* Doc. 8. In the Response, the Government does not dispute the facts alleged by Petitioner. *Id.* Relying on *Matter of Hurtado*, Respondents' position is that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because he was present in the United States without being admitted or paroled. *Id.* at 1. However, Respondents also acknowledge that this Court reached the opposite conclusion in two recent cases before it, *Requejo Roman v. Castro*, Case No. 2:25-cv-01076, and *Vega Uribe v. Noem*, Case No. 2:25-cv-01139. *Id.* at 2. And the Government concedes that the facts of this case "are not materially distinguishable [from *Requejo Roman* or *Vega Uribe*] for purposes of the Court's decision on the legal issue of which statutory provision authorizes Petitioner's detention." *Id.*

On February 17, 2026, Petitioner submitted a Reply in support of his Petition. Doc. 9. In it, Petitioner agrees with the Government that this Court has already adjudicated the legal question at issue in this case, and he asks that this Court decide this matter in accordance with *Requejo Roman*. *Id.* at 2. Petitioner reiterates that § 1225(b) does not apply to him, as demonstrated by his previous classification and release under § 1226. *Id.* In light of his release from immigration

---

[3] The Standing Order referenced above requires that Orders to Show Cause provide the Government a minimum of ten business days to respond to habeas petitions. 26-MC-00004-03 at 2. Judge Robbenhaar's Order to Show Cause in this case was issued before the implementation of the Standing Order and allowed just five days after receipt of service to respond. Accordingly, the Government's Response was arguably not timely filed and should be disregarded. However, the Court recognizes that the Standing Order issued very close in time to Judge Robbenhaar's Order and understands that the Government may have assumed the ten-business-day deadline applied here. As such, the Court will consider the Response to be timely.

custody in 2023, Petitioner asks that this Court consider ordering immediate release, rather than a bond hearing. *Id.* at 3. He argues that "[h]is re-detention was carried out without any individualized assessment of flight risk or danger to the community, notice, or valid statutory basis[.]" *Id.* In support of this request, he cites to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), and argues that his previous release entitled him to some process before the Government re-detained him. *Id.* at 3-4.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing he is being unlawfully detained in violation of the INA, its implementing regulations, and his Fifth Amendment due process rights.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

This case is not the first of its kind in this Court. In fact, as the Government acknowledges in its Response, the Court has already considered the statutory and constitutional issues raised by

Petitioner in several cases. *See Requejo Roman v. Castro et al.*, --F.Supp.3d--, 2026 WL 125681 (D.N.M. 2026); *Vega Uribe v. Noem*, No. 2:25-cv-01139, 2026 WL 127621 (D.N.M. Jan. 16, 2026); *see also Velasquez Salazar v. Dedos et al.*, --F.Supp.3d--, 2025 WL 2676729 (D.N.M. 2025); *Mendoza Rivas v. Noem*, No. 2:25-cv-01311 (D.N.M. Feb. 2, 2026); *Garcia Sanchez v. Noem*, No. 2:25-cv-01293 (D.N.M. Feb. 5, 2026). Because the facts here are not materially different than those the Court analyzed in previous cases, *see* Doc. 8 at 2, the Court's conclusion is the same.

Following its decisions in *Requejo Roman* and *Salazar*, as well as the decisions of the vast majority of other federal courts who have analyzed this issue, the Court holds that noncitizens already present in the United States who entered without inspection are subject to discretionary detention under 8 U.S.C. § 1226 and are entitled to a bond hearing. Mr. Chen, who entered the country without inspection and was arrested while present in the United States, is properly detained pursuant to § 1226 and therefore entitled to a bond hearing. The Government's misclassification of Petitioner under § 1225 and resultant denial of a bond hearing deprived him of his right to due process.

Petitioner requests that this Court order his release because he was released from immigration custody in 2023 and was re-detained without any process. Doc. 9 at 3. However, Petitioner's briefing does not provide the Court with sufficient information to determine the nature of his previous release or the liberty interest—and attendant due process rights—that may or may not have accrued during his time on release. Accordingly, based on the facts before it, the Court finds that a bond hearing, rather than release, is the appropriate remedy. To ensure Petitioner's due process rights are protected going forward, the factors laid out in *Mathews v. Eldridge* favor shifting the burden of proof to the Government in any future bond hearing. For a detailed account of the Court's reasoning relevant to this decision, *see Requejo Roman v. Castro et al.*.

## IV.
## CONCLUSION

For the reasons stated above, and articulated in greater detail in *Requejo Roman v. Castro et al.*, Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

**IT IS THEREFORE ORDERED** that Respondents provide Petitioner an individualized bond hearing before a neutral Immigration Judge ("IJ") within 7 days of entry of this Order. If Petitioner does not receive such a hearing on or before Thursday, February 26, 2026, he shall be immediately released. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is a flight risk and/or a danger to the community in order to justify continued detention. If Petitioner's 2023 release was based on a determination that he was *not* a flight risk or a danger to his community, then this burden includes demonstrating a change in circumstances warranting Petitioner's re-detention. The assigned IJ is hereby ordered not to deny bond based solely on a lack of jurisdiction under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*.

**IT IS FURTHER ORDERED** that the parties submit a joint status report to the Court no later than Friday, February 27, 2026, confirming whether a bond hearing was held and the result of said hearing.

Should Petitioner wish to recover costs of suit and attorney's fees, he may submit an application for such costs and fees within 30 days of this Order pursuant to 28 U.S.C. § 2412. Respondents may respond to Petitioner's application no later than 14 days after Petitioner's application is filed with this Court.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

**IT IS SO ORDERED.**

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE